SENTENCIA
Como parte de una investigación sobre posible evasión contributiva, el Departamento de Hacienda hizo varios re-querimientos al Banco Bilbao Vizcaya Argentaría (BBVA) y a otras instituciones financieras —entre ellas Charles Schwab— para que le indicaran y le facilitaran los núme-ros de cuentas bancarias de los peticionarios Luis Costas Elena y Hazel Russell McMillan, así como de las corpora- *427 ciones Demeter Internacional, Diógenes International Consulting Corp., P.R. Agro-Térra International Corp., Embryo Service Inc., y Limones Agro-P.R. Inc.
Asimismo, con el propósito de determinar si se habían cometido delitos contributivos, la División de Evasión Con-tributiva del Departamento de Hacienda, de forma ex parte, solicitó al Tribunal de Primera Instancia que emi-tiera órdenes de registro de las cuentas bancarias de los peticionarios Costas Elena y Russell McMillan, y sus corporaciones. Para estas solicitudes, se invocó la facultad que confiere al Secretario de Hacienda la Sec. 6122(a) del Código de Rentas Internas, 13 L.P.R.A. sec. 8121(a), para hacer investigaciones y solicitar documentos con el propó-sito de establecer la responsabilidad tributaria de un contribuyente.
El Tribunal de Primera Instancia expidió las órdenes de registro de las cuentas bancarias. El Departamento de Hacienda contrató para investigar el caso a la Contadora Pú-blica Autorizada con práctica privada, Lydia E. Márquez Vázquez. Del registro realizado por el Departamento de Hacienda de las cuentas bancarias de los acusados y sus corporaciones en el BBVA y la institución Charles Schawb, se obtuvo la información que dio base a las acusaciones criminales presentadas contra el señor Costas Elena y la señora Russell McMillan. Las acusaciones les imputan cuatro infracciones a la See. 6050 del Código de Rentas Internas de Puerto Rico (evasión contributiva), 13 L.P.R.A. see. 8055, y cuatro cargos por violación del Art. 6054(c)(1) del Código de Rentas Internas de Puerto Rico (perjurio al firmar planillas), 13 L.P.R.A. sec. 8059(c)(1).
Los peticionarios Costas Elena y Russell McMillan pre-sentaron una moción de supresión del testimonio de la CPA Márquez Vázquez. Alegaron que como la testigo no era empleada o funcionaria del Departamento de Hacienda, esta no tenía autoridad en ley para examinar e investigar las planillas de contribución sobre ingresos de *428 los acusados y que, por el contrario, sus actuaciones cons-tituían una violación expresa de la ley y la reglamentación aplicable. Los peticionarios adujeron que la ley y la regla-mentación en cuestión solo permite que sean ciertos em-pleados o funcionarios públicos los únicos que tienen facul-tad para examinar e investigar una planilla de contri-bución sobre ingresos de un contribuyente en Puerto Rico.
Por lo anterior, los peticionarios solicitaron la supresión del testimonio de la CPA Márquez Vázquez en el juicio en su fondo ante el supuesto de que era el resultado de infor-mación obtenida ilegalmente. Los peticionarios también solicitaron la supresión de la evidencia documental obtenida. Argumentaron que no fueron notificados del re-querimiento de los documentos bancarios y que la informa-ción bancaria fue adquirida sin mediar una orden judicial.
El Tribunal de Primera Instancia declaró “con lugar” la moción de supresión en cuanto a toda la evidencia obtenida por el Estado mediante el registro de las cuentas bancarias personales de los peticionarios. En cambio, el foro primario determinó que el requerimiento del número de las cuentas bancarias de los peticionarios y las corporaciones no fue irrazonable ni contrario a derecho, ya que estos no alber-gaban una expectativa de intimidad sobre el número de las cuentas bancarias. Además, el tribunal resolvió que los pe-ticionarios no contaban con legitimación activa para invo-car la regla de exclusión en cuanto a las cuentas bancarias de las corporaciones, ya que ese es un derecho que única-mente puede ser invocado por las corporaciones, como úni-cas personas agraviadas. Por último, el tribunal no supri-mió el testimonio de la CPA Márquez Vázquez porque entendió que el Secretario de Hacienda tiene autoridad en ley para otorgar contratos de servicios profesionales o con-sultivos a individuos y entidades privadas para que le asis-tan en su función investigativa, según la Ley Núm. 237 de 31 de agosto de 2004 (3 L.P.R.A. secs. 8611-8615).
*429 Inconformes, los peticionarios acudieron mediante cer-tiorari al Tribunal de Apelaciones. Este coincidió con el razonamiento del Tribunal de Primera Instancia y denegó la expedición del auto solicitado. Entonces, los peticiona-rios recurrieron ante nos de la resolución del foro apelativo intermedio y el 28 de abril de 2008 expedimos el auto de certiorari. Con los alegatos de ambas partes, estamos en posición de resolver.
Como el Tribunal está igualmente dividido, se confirma la resolución del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para los procedi-mientos ulteriores compatibles con lo resuelto aquí.
Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres emitió una opinión de conformidad, a la cual se unieron los Jueces Asociados Señores Kolthoff Caraballo y Rivera García. La Jueza Asociada Señora Fiol Matta emi-tió una opinión disidente, a la cual se unió el Juez Presi-dente Señor Hernández Denton. La Juez Asociada Señora Rodríguez Rodríguez disintió sin opinión escrita. La Jueza Asociada Señora Pabón Charneco no interviene.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo